**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Darren Scott Matloff, | § | Case No. 19-44253-mxm-7 |
| | § | |
| Debtor. | § | |

### EX PARTE REQUEST FOR ENTRY OF DISCHARGE FOLLOWING EXPIRATION OF APPEALS PERIOD

Debtor Darren Scott Matloff hereby requests entry of the discharge order in the above-captioned chapter 7 case and respectfully states as follows:

1. This case was commenced by the filing of a voluntary chapter 7 petition on June 19, 2019.

2. On December 6, 2019, Triumphant Gold Limited ("**TGL**") filed an objection to Matloff's discharge and to the dischargeability of certain debts owed to TGL under 11 U.S.C. §§ 523(a)(2), (4), and (6) and 727(a)(2), (3), (4), and (7). *See Triumphant Gold Limited v. Matloff*, Adv. No. 19-04127, (Dec. 6, 2019).

3. On March 24, 2022, the Court entered a *Final Judgment* [Dkt. No. 173] (the "***Final Judgment***") denying relief on all of the claims asserted by TGL in the Complaint, including each of TGL's objections to Matloff's discharge under 11 U.S.C. § 727(a).

4. TGL timely appealed certain of the claims adjudicated in the Final Judgment to the United States District Court for the Northern District of Texas. After the District Court affirmed, TGL further appealed to the United States Court of Appeals for the Fifth Circuit.

5. Following further proceedings, on October 8, 2025, the Fifth Circuit affirmed this Court's denial of relief on all remaining counts arising under 11 U.S.C. § 727(a) (the "**Fifth Circuit Judgment**").[1]

6. "If the debtor successfully obtains a final judgment denying all objections [to discharge], the discharge should be promptly granted." 9A Collier on Bankruptcy ¶ 4004.04 (16th 2026); *see also* Fed. R. Bankr. P. 4004. TGL's deadline to file a petition for a writ of certiorari to the United States Supreme Court expired yesterday, January 6, 2026, which was 90 days after entry of the Fifth Circuit Judgment. *See* Sup. Ct. R. 13(1). TGL did not file any petition for writ of certiorari. Accordingly, there are no further impediments to Matloff's discharge in this case. Pursuant to Fed. R. Bankr. P. 9013(a), therefore, Matloff requests entry of the *Order of Discharge* in this case.

WHEREFORE, and as none of the exceptions to discharge provided under 11 U.S.C. § 727(a) are applicable in this case, Matloff hereby requests entry of the *Order of Discharge* in this chapter 7 case at the Court's earliest possible opportunity.

Dated: January 7, 2026

Respectfully submitted,

| **SPECTOR & COX PLLC** | **REED SMITH LLP** |
|---|---|
| By: */s/ Sarah M. Cox* | By: */s/ Michael P. Cooley* |
| Sarah M. Cox (SBN 24119316) | Michael P. Cooley (SBN 24034388) |
| 12770 Coit Road, Suite 850 | 2850 N. Harwood St., Ste. 1500 |
| Dallas, TX 75251 | Dallas, Texas 75201 |
| T: 214-310-1321 | T: 469.680.4200 |
| F: 214-237-3380 | F: 469.680.4299 |
| sarah@spectorcox.com | mpcooley@reedsmith.com |

*Attorneys for the Debtor*

---

[1] The Fifth Ciruit remanded to this Court on a question relating to TGL's claim for relief under 11 U.S.C. § 523(a)(6). That matter remains pending but does not bear on Matloff's entitlement to a general discharge under 11 U.S.C. § 727(a).

## CERTIFICATE OF SERVICE

      I hereby certify that, on January 7, 2026, a true and correct copy of this document was served via the Court's Electronic Case Filing (ECF) system on all parties registered to receive electronic notices in this chapter 7 case, including counsel for TGL.

                                         */s/ Michael P. Cooley*
                                         Michael P. Cooley